PeaesoN, J.
 

 A good deal can be said on both sides of the question.
 

 On the one hand, while it is admitted that the requirement of the statute had not been
 
 literally
 
 complied with, it is insisted that there has been a
 
 substantial
 
 compliance; that the object for requiring the witnesses to
 
 subscribe in the presence of the testator
 
 was to prevent fraud, and guard against the possibility of having one paper substituted for another ; and that, according to the proof in this c;ise, this object has been fully answered; for the testator took the paper into his hands, so as to know it to be the same, and the witness adopted the signature in his prcsence. They, therefore, “stick in the bark,” and require the idle form of drawing a pen through the name, and that the witness should thereupon
 
 write the name over again.
 
 Gaskill v. King, 12 Ired. 211. The disposition that testators intend to make of their estate, should not be defeated by a construction so rigid.
 

 On the other hand, it is said, t m statue not only intended to prevent fraud, but also to prevent perjury, by requiring an act, as distinguished from mere words, to be done in the presence of the testator. If, under the circumstances presented by this case, the Court can dispense with the
 
 act,
 
 which the statute requires, and take words as a substitute therefor, it will follow, that if the witnesses take the paper into an adjoining room, out of the tes
 
 *324
 
 tator’s presence, and subscribe it, and then bring it back and hand it to him, so that he knows what has been done, and that it is the very paper, this is a substantial compliance with the requisites of the statute; for, why require the idle form of drawing a pen through the names of the witnesses who have thus subscribed, and that they should
 
 thereupon write their names over again ?
 

 And then it will follow, that if the witnesses see the testator execute the paper as his will, such proof will be sufficient, although they do not subscribe it as witnesses — for, why require so idle a form, if the execution of the instrument as a will, can be clearly established to the satisfaction of the jury? In this way, one departure from the requirements of the statutes will lead to another, and thus, all the safeguards with which the statute intended to protect men in making their wills, when they are usually weak, and peculiarly exposed to fraud and undue influence, will be removed, piece by piece, and no greater formality will be necessary to make a will, than to make a deed; for, the substance of the thing is, did he execute it as his will, or his deed — if so, all idle forms and ceremonies may be dispensed with!
 

 As to the suggestion, that the disposition that testators intend to make of their estates, should not be defeated by a rigid construction, the reply is — this is
 
 petitio principii.
 
 We cannot know the disposition which a man intended to make of his estate, except from his will, and no paper can be his will, unless it is executed with all the ceremonies required by law.
 

 We are relieved from the necessity of deciding upon the weight of these arguments ; for the question is settled by a decision of this Court upon the very point, Ragland v. Huntingdon, 1 Ired. 563. The witness must,
 
 in fact,
 
 subscribe his name in the presence of the testator. The
 
 act
 
 is necessary. No words will answer the purpose.
 

 The English Courts have put the same construction upon a statute similar to ours. In truth, their decisions go further: if the witness subscribe in the presence of the testator, but does
 
 *325
 
 so before be executes the instrument, although he afterwards does so in their presence, it is not a compliance with the statute; for, it was not his will when they subscribed. 7 Eng. Eccl. Rep., 341, IN the goods of OldiNG. And although in such case, after the testator has executed it, the witnesses add seals to their names, which had been signed before the paper was executed — it is not a compliance with the statute. Ibid. 391. In the goods-oe Bib».
 

 There is no error. Judgment affirmed.